IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD JACKSON, )<br>No. R18773 , )<br>                               )<br>         Plaintiff,     )<br>                               )<br>    vs.                      )<br>                               )<br>STEVE DUNCAN, and )<br>DEBBIE ISAACS,   )<br>                               )<br>         Defendants.  ) | Case No. 15-cv-00343-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Howard Jackson is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to his being denied an x-ray of his testicles on two occasions—once at Lawrence, and once at Big Muddy River Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

### *The Complaint and Related Litigation History*

According to the very succinct complaint, on January 9, 2012, while Plaintiff Jackson was housed at Big Muddy River Correctional Center, Debbie Isaacs, a registered nurse and the health care unit administrator, denied Plaintiff's "knot for testles x-ray." On or about March 26, 2015, Steve Duncan, warden of Lawrence Correctional Center, denied Plaintiff's "knot for testles x-ray." The only apparent demand for relief is for an x-ray to be taken (*see* Doc. 1, pp. 4, 9).

Documents attached to the complaint make clear that when Plaintiff refers to "testles" or "privacy balls," he means his testicles (*see* Doc. 1, pp. 10-29). Since 2011, Plaintiff has complained to medical personnel that he has a "knot" in his testicles, but medical personnel have not found anything and, therefore, have refused to x-ray Plaintiff's testicles.

Plaintiff Jackson and his demand for an x-ray of his testicles are far too familiar to the Court. By Plaintiff's own admission, he has filed six other complaints pertaining to this same issue (*see* Doc. 1, p. 3). In this district alone, Plaintiff has now accumulated three "strikes" under 28 U.S.C. § 1915(g) for filing frivolous claims about x-raying his testicles: *Jackson v. Wexford Healthcare Sources, Inc., et al.*, Case No. 13-cv-01134-MJR (S.D. Ill. 2013); *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007-MJR (S.D. Ill. 2014); and *Jackson v. Lawrence Correctional Center Health Care, et al.*, Case No. 15-cv-00082-JPG (S.D. Ill. 2015).

Consequently, he is no longer eligible to pay a filing fee in installments using the *in forma pauperis* provisions of 28 U.S.C. § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The present action was filed two days before Plaintiff acquired his third strike; therefore, the Section 1915(g) restrictions do not apply to the filing fee for this action. However, in *Jackson v. Kraznician, et al.*, Case No. 14-cv-00007-MJR (Docs. 14, 17, 21), and *Jackson v. Lawrence Correctional Center Health Care , et al*., Case No. 15-cv-00082-JPG  (Doc. 15), the Court warned Plaintiff that, consistent with *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), further frivolous litigation will result in sanctions (including monetary sanctions and/or a filing ban). For the reasons stated below, Plaintiff's most recent complaint fails to state a claim upon which relief can be granted, thereby raising the specter of a filing ban.

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 688 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Constitution when they are deliberately indifferent to a prisoner's serious medical needs. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component.

"To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d

1364, 1373 (7th Cir. 1997). The complaint does not include allegations suggesting that Plaintiff is actually suffering from a serious medical condition. It includes little more than a demand for an x-ray.[1]

Even if the Court assumes, without deciding, that Plaintiff's medical condition is serious, the complaint still does not satisfy the subjective "deliberate indifference" component of the Eighth Amendment test, which requires a prisoner to demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). All the complaint alleges is that each defendant denied Plaintiff's request for an x-ray. Those bald assertions do not satisfy the *Twombly* pleading standard.

Plaintiff never alleges, nor do the medical records attached to the complaint suggest, that an x-ray has been recommended by a medical professional, that an x-ray is the proper diagnostic test for Plaintiff's condition, or that any defendant's refusal to provide the x-ray amounted to deliberate indifference. To the contrary, the communication from Deborah Isaacs indicates that Plaintiff's testicles were examined, no knot was found, and the recommended treatment was refused by Plaintiff (Doc. 1, pp. 16, 18). With respect to Warden Duncan, it appears that he merely concluded that Plaintiff's administrative grievance was not an emergency and should be pursued through the normal administrative process (Doc. 1, p.

---

[1] The request for "emergency help for a privacy testles x-ray for ball" is construed as seeking prompt action by the Court, not as a description of an emergent medical condition (*see* Doc. 1, p. 9).

17).  Prison directors and wardens are entitled to rely upon medical staff for the provision of proper medical care.  *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm."  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

### *The Effect of Dismissal and the Possibility of Amendment*

Typically, when a complaint is dismissed upon preliminary review, dismissal is without prejudice, and the plaintiff is granted leave to amend.  *See generally* FED.R.CIV.P. 15(a)(2) (a Court should freely grant leave to amend "when justice so requires").  For example, most recently in *Jackson v. Lawrence Correctional Center Health Care, et al.*, Case No. 15-cv-00082-JPG, Plaintiff filed *four* amended complaints (Docs. 7, 12, 13 (Doc. 12 contained two amended complaints)).  But leave to amend need not be granted when amendment would be futile.  *See McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (complaint dismissed pursuant to Section 1915A; leave to amend was denied as futile).

Viewed in isolation, dismissal of the complaint without prejudice and with leave to amend might appear appropriate—even though, for example, the two-year statute of limitations appears to have run out on any claim against Defendant Isaacs.  Nevertheless, Plaintiff's litigation history cannot be ignored.  This action represents just another attempt by Plaintiff to

assert the same frivolous claim demanding an x-ray of his testicles that he has shopped around in three other cases. More importantly, the documentation attached to the complaint essentially pleads Plaintiff out of Court. As discussed above, Warden Duncan was merely responding to a grievance, and Health Care Administrator Isaacs was similarly uninvolved in treatment decisions. All of these legal shortcomings have been explained to Plaintiff in each of his cases, to no avail. The complaint, therefore, will be dismissed *with* prejudice—meaning that Plaintiff will not be permitted to amend, final judgment will be entered, and this case will be closed.

Another "strike" will be assessed against Plaintiff for purposes of Section 1915(g). Because of the unusual timing of when this case was filed and when the Court cautioned Plaintiff that he would be subject to a filing ban, the Court will not subject Plaintiff to a filing ban in this instance. Also, only one filing fee will be collected, even though there is justification for severing the claims against Isaacs and Duncan into separate cases and assessing a filing fee for each case. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint and all claims against **STEVE DUNCAN and DEBBIE ISAACS** are **DISMISSED with prejudice**. Judgement shall enter accordingly, and a **STRIKE** shall be assessed against Plaintiff in accordance with 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's pending motion for counsel (Doc. 3) is **DENIED**. A mere assertion of poverty is not grounds for recruitment of counsel.

Plaintiff is **ADVISED** that if he wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective

of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

Plaintiff is again **WARNED** that further frivolous litigation will result in sanctions (including monetary sanctions and/or a filing ban).  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

**IT IS SO ORDERED.**

**DATED:  April 21, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**